MEMORANDUM **
Francisco Morales-Barela, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“U”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ’s findings of fact for substantial evidence, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and questions of law, including claims of due process violations, de novo, Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition for review.
Substantial evidence supports the agency’s determination that MoralesBarela failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. The agency correctly determined that Mara Salvatrucha is not a recognized social group and that Morales-Barela’s membership in a gang is not a protected ground. See Arteaga v. Mukasey, 511 F.3d 940, 943-45 (9th Cir.2007). Furthermore, Morales-Barela did not show he was targeted by police for his disagreement ■with anti-gang laws rather than for his gang activity. See Santos-Lemus v. Mukasey, 542 F.3d 738, 747 (9th Cir.2008). Lastly, Morales-Barela’s argument that his unwillingness to follow gang orders constitutes political opinion is foreclosed by our decision in Santos-Lemus. See id. at 746-47 (holding that opposition to a gang’s criminal activity is not a protected political opinion). Accordingly, his claims for asylum and withholding of removal fail.
Substantial evidence supports the agency’s determination that MoralesBarela is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured upon return to Honduras. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003).
Morales-Barela’s due process contention that the record is incomplete fails because he has not shown prejudice. See Colme-nar v. INS, 210 F.3d 967, 971 (9th Cir. 2000). We reject Morales-Barela’s con *708 tention that the IJ demonstrated bias by mentioning appellate review. See id. We also reject his contention that the BIA did not consider attorney Pott’s declaration regarding the IJ’s conduct during the videotape because it is not supported by the record. See id.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.